See also 138 S.W.3d 740.

ST. CHARLES COUNTY DEPART-
MENT OF CORRECTIONS,
Respondent,

v.

Anthony TIPTON, Appellant.

No. ED 84360.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 7, 2004.

Mark Hanson Zoole, St. Louis, MO, for appellant.

Beverly E. Temple, St. Charles, MO, for respondent.

SHERRI B. SULLIVAN, J.

*Introduction*

Anthony Tipton (Tipton) appeals from a trial court judgment denying his Motion to

Enforce Judgment seeking to enforce the monetary portion of a decision of the Merit System Commission of St. Charles County (the Commission) requiring St. Charles County Department of Corrections (the DOC) to reinstate Tipton to his position with the DOC. The trial court concluded that it was without jurisdiction to grant the relief that Tipton was seeking. We reverse and remand for further proceedings.

### Factual and Procedural Background

The DOC employed Tipton as a corporal. In November 2000, the DOC terminated Tipton's employment. Tipton appealed his termination of employment to the Commission, which reversed the termination and reinstated Tipton to his position with the DOC. The reinstatement was with full back pay and benefits, including sick pay, accrued vacation, pension service computations or vesting rights, dating back to the date of termination, along with any other benefit of employment, including all "increases in pay due to step or COLA increases since the date of termination." The Commission's decision, entered on June 22, 2001, also stated:

> Pursuant to Section 115.370.B.1.d(2)(b), Ordinances of St. Charles County Missouri, Anthony Tipton is hereby ordered to submit to the Department of Corrections and to the Merit System Commission, within thirty (30) days of the date of this decision, all documents necessary to determine his income from other sources since his dismissal on November 20, 2000.

Tipton did not submit such documents to either the DOC or the Commission by the date specified in the Commission's decision.

Subsequently, the DOC filed a petition for review with the trial court, and the court granted a motion to stay the Commission's decision pending the final disposition of the review proceedings. The trial court affirmed the Commission's decision on May 20, 2002. The DOC then appealed to this Court, and pursuant to Rule 81.09,[1] the appeal again stayed the execution of the Commission's decision.[2] We affirmed the Commission's decision in a per curiam order on July 29, 2003. *St. Charles County Dept. of Corrections v. Tipton,* 138 S.W.3d 740 (Mo.App. E.D. 2003). On August 12, 2003, Tipton submitted the documents as ordered in the Commission's decision and on August 13, the DOC reinstated Tipton to his position with the DOC; however, the DOC has not provided Tipton with full back pay and benefits, as ordered in the Commission's decision.

Subsequently, Tipton filed a Motion to Enforce Judgment with the trial court seeking to enforce the monetary portion of the Commission's decision. The trial court entered a judgment denying Tipton's motion, concluding that the court was without jurisdiction to grant the relief that Tipton was seeking because "no 'judgment' was ever rendered for a sum certain for which execution would lie." The court stated that it was Tipton's "failure to comply with the order to submit the documents necessary for him to obtain a judgment in a sum certain for which he could obtain execution which has caused his situation." Tipton appeals from the judgment.

---

1. All rule references are to Mo. R. Civ. P.2004, unless otherwise indicated. Rule 81.09 provides in relevant part that an appeal by a county stays the execution of a case.

2. The issues on appeal addressed the procedures for and validity of Tipton's termination of employment, not the monetary portion of the Commission's decision.

## Discussion

Tipton raises two points on appeal, arguing in both that the trial court erred in denying his Motion to Enforce Judgment based upon the court's lack of jurisdiction.

We conclude that the trial court erred in determining that it had no jurisdiction to consider Tipton's Motion to Enforce Judgment because no judgment was ever rendered for a sum certain for which execution would lie. The Commission's decision, affirmed by the trial court, included a sum certain to be determined by the method for calculating a back pay award as provided in the St. Charles County ordinance cited in the decision (Section 115.370.-B.1.d(2)).

Further, although that section requires the aggrieved party to furnish necessary documents for calculating the award, the section does not require a specific time frame for providing such documents. The Commission's decision ordered Tipton to submit the documents within thirty days of the date of the decision. However, the case essentially was stayed since the entry of the Commission's decision due to the review and appeal processes. Tipton submitted the documents within thirty days of the entry of our opinion, just prior to the DOC reinstating Tipton to his position with the DOC. Had the appeal process proven successful for the DOC, Tipton need not have submitted the documents. Further, even if Tipton had submitted the documents within thirty days of the Commission's decision, the documents would have been incomplete because the DOC did not reinstate Tipton to his position until after the completion of the appeal process. Therefore, we find no prejudice resulted to the DOC by Tipton's failure to submit the documents within thirty days of the Commission's decision.

Under Rule 74.09, the trial court has jurisdiction to consider Tipton's Motion to Enforce Judgment. In so doing, the court need not determine the exact amount of back pay due Tipton; rather, the court may simply order the Commission to comply with its decision and to calculate accordingly the amount of back pay due Tipton, as it is authorized to do under St. Charles County ordinance Section 115.370.B.1.d(2), and any other damages awarded in the Commission's decision.

## Conclusion

The judgment of the trial court is reversed and remanded for further proceedings.[3]

GARY M. GAERTNER, SR., P.J., and BOOKER T. SHAW, J., concur.

---

**3.** The DOC's Motion to Strike Portions of Tipton's Supplemental Legal File/Record on